UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:13-CR-0024-TOR-1 |
| --- | --- |
| Plaintiff, | 2:13-CR-0024-TOR-3 |
| | 2:13-CR-0024-TOR-4 |
| v. | |
| RHONDA LEE FIRESTACK-HARVEY (1), | ORDER DISMISSING SUPERSEDING INDICTMENT WITHOUT PREJUDICE |
| MICHELLE LYNN GREGG (3), and ROLLAND MARK GREGG (4), | |
| Defendants. | |

Before the Court is the Government's Motion to Dismiss the Superseding Indictment against Defendants Rhonda Lee Firestack-Harvey, Michelle Lynn Gregg, and Roland Mark Gregg, Without Prejudice. ECF No. 828. The Government seeks to dismiss the superseding indictment against these Defendants pursuant to Fed. R. Crim. P. 48(a). It explains that it "has decided not to prosecute this case further at this time" without conceding "that the Department of Justice was not authorized to spend money on this prosecution after December 2014."

ORDER DISMISSING SUPERSEDING INDICTMENT
WITHOUT PREJUDICE ~ 1

ECF No. 828 at 6-7.  The Government explains that it "may re-assess prosecution of Defendants . . . if Section 542 is invalidated by expiration or repeal." *Id.* at 7.

Defendants have moved for vacatur of their convictions and then dismissal of the underlying indictment with prejudice.  ECF No. 829.  Defendants explain that vacatur of their convictions is a necessary predicate to the dismissal of the indictment because judgments have already been entered.  Additionally, Defendants contend that the five year statute of limitations expired and that jeopardy attached at the jury trial.  Defendants reason that the expired statute of limitations and the Double Jeopardy clause require that the dismissal be with prejudice.

The Court has reviewed the motions and the file therein and is fully informed.  For good cause shown, the Court grants the motions in part, but makes no judgment as to the merit or wisdom of this dismissal.

## DISCUSSION

Rule 48 allows the Government to dismiss an indictment "with leave of court."  Fed. R. Crim. P. 48(a); *United States v. Garcia–Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000).  Leave of court is required "to provide a check on prosecutorial behavior," *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988), by guarding against "prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the

defendant's objection." *Garcia–Valenzuela*, 232 F.3d at 1007–1008 (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). However, the Court's supervisory role is limited and the motion should be granted if it is made in good faith. *Hayden*, 860 F.2d at 1487; see also *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005) ("Dismissals by the government are generally presumed to be without prejudice."). Conversely, courts should grant the motion with prejudice if dismissal is sought "for an improper purpose, such as harassment of the defendant." *See* 3B Charles Alan Wright, et al., Federal Practice and Procedure § 801, 328–329 (4th ed. 2013).

Defendants were solely convicted of the lesser included offense charged within Count 2 of the Superseding Indictment; manufacture of less than 100, but more than 50 marijuana plants. The jury found Defendants not guilty of all other charges in the Superseding Indictment. Consequently, those other counts are not at issue and cannot be resurrected.

Manufacturing marijuana was illegal and remains illegal under federal law. 21 U.S.C. § 841(a)(1). After Defendants were charged with manufacturing marijuana, Congress suspended the Department of Justice from spending its appropriated funds toward certain prosecutions. *See e.g.,* Consolidated and Further Continuing Appropriations Act of 2015, Pub. L. No. 113-235, tit. V, div. B, § 538 (2014). As the Government recognizes, this suspension of funding continues to

ORDER DISMISSING SUPERSEDING INDICTMENT
WITHOUT PREJUDICE ~ 3

this day. The Government seeks dismissal of the sole remaining charge while the cloud of Congress' suspension of funding persists. If that suspension were to expire or be repealed, the Government could seek to enforce what has always been illegal under federal law.

Defendants contend the Government could not re-charge them because the statute of limitations has expired. Defendants are mistaken. If an indictment is "dismissed *for any reason*" the period of limitations is also extended for a set period of time as specified in 18 U.S.C. § 3288 (emphasis added). That period of time is measured and begins to accrue when the indictment is dismissed, not when the crime was committed.

It remains to be seen whether Congress will continue its fiscal suspension of certain marijuana prosecutions. The decision whether or not the Government could legally (or would) re-charge Defendants is best left for the day when that possibility occurs.

**Accordingly, IT IS HEREBY ORDERED:**

1. The Government's Motion to Dismiss the Superseding Indictment against Defendants Rhonda Lee Firestack-Harvey, Michelle Lynn Gregg, and Roland Mark Gregg, Without Prejudice (ECF No. 828) is **GRANTED**.

2. Defendants' Motion to Dismiss with Prejudice and Motion to Vacate the Judgment[s] of Conviction (ECF No. 829) and Motion to Expedite (ECF No. 830) are **DENIED** in part and **GRANTED** in part.

3. The Judgments against Defendants Rhonda Lee Firestack-Harvey (ECF No. 782), Michelle Lynn Gregg (ECF No. 784), and Roland Mark Gregg (ECF No. 786) are **VACATED**.

4. Count 2 of the Superseding Indictment against Defendants Rhonda Lee Firestack-Harvey, Michelle Lynn Gregg, and Roland Mark Gregg (ECF No. 322) is **DISMISSED** without prejudice. The jury's verdict of Not Guilty as to all remaining counts of the Superseding Indictment stands.

5. The District Court Executive is hereby directed to enter this Order and provide copies to counsel, the U.S. Probation Office, and the U.S. Marshal's Service.

**DATED** January 3, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DISMISSING SUPERSEDING INDICTMENT WITHOUT PREJUDICE ~ 5